**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROSALIND E. FREEMAN<br>6871 Highway One<br>Bracey, VA 23919<br><br>Petitioner,<br><br>v.<br><br>EDWARD HUGLER<br>Acting Secretary, Department of Labor<br>200 Constitution Ave. NW<br>Washington DC 20210<br><br>Respondents | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-442 |

**PETITION FOR WRIT OF MANDAMUS**

Petitioner, Rosalind Freeman, through counsel, moves the Court to Compel the United States Department of Labor ("DoL") and the Office of Workers' Compensation Program ("OWCP"), (or together as "Defendant" or "Agency") to perform mandatory duties owed to the Petitioner under the Federal Employees Compensation Act ("FECA"), 5 USC § 8124. The Petitioner participated in the OWCP process and made a timely appeal that satisfies all requirements under 5 USC § 8124. Despite this OWCP rejected Petitioner's appeal and denied her the right to an oral hearing. Mrs. Freeman now seeks for OWCP to fulfill their obligations under FECA, accept her appeal for an oral hearing, and grant her reconsideration of their prior decision.

Ms. Freeman, through Counsel, moves this Honorable Court to issue a *Writ of Mandamus*.

## I. FACTUAL BACKGROUND

Petitioner Rosalind Freeman worked as a federal employee with the Department of the Army ("Army"). Between January 1, 2012, and November 17, 2012, Ms. Freeman received OWCP benefits for the total disability she sustained during her employment with the Army. On July 14, 2015, OWCP made a preliminary determination that she was overpaid during the period between January 1, 2012, and November 17, 2012, for failure to report "business activity" while receiving compensation benefits for total disability. Notice of the preliminary determination was mailed to Ms. Freeman. Mrs. Freeman filed a timely appeal, dated August 18, 2015, which was denied by OWCP on September 21, 2015 for failure to file within 30 days of the decision.

As of the date of this petition, now over a year since Petitioner submitted her August 18, 2015, request for reconsideration, Petitioner's claim remains unresolved.

## II. JURISDICTION & VENUE

This District Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1361, which states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Venue is properly laid in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1) as Defendants are Agencies of the United States residing in the District of Columbia.

## III. STANDARD OF REVIEW

A *writ of mandamus* will only be granted when essential to the interests of justice. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974) (en banc); *Haneke v. Secretary of HEW*, 535 F.2d 1291, 1296 (D.C. Cir. 1976); *In Re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988). Federal district courts have authority to issue writs of mandamus pursuant to 28 U.S.C. § 1361, at the discretion of the Court. *National Wildlife Federation v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980). Mandamus generally will not issue unless there is a clear right in the Petitioner to the relief sought, a plainly defined and non-discretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial or administrative, available. *Northern States Power Co. V. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997).

The requirement of a clear duty to act has been interpreted to mean that the duty of the federal officer sued must be "a clear non-discretionary duty." *Pittston Coal Group v. Sebben*, 109 S. Ct. 414, 424 (1988); *Welch v. Donovan,* 551 F. Supp.809 (D.D.C. 1982). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Secretary of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citations omitted).

## IV. <u>ARGUMENT</u>

### A. The Agency Owes a Clear, Non-discretionary Duty to Petitioner

Mrs. Freeman's request for an appeal satisfied every part of the appeal process as directed by 5 USC § 8124, 20 C.F.R. 10.616, and the appeals notice provided by OWCP. The Agency was bound by a non-discretionary duty to accept her timely appeal and make the appropriate considerations.

According to the C.F.R. which outlines the regulation administering OWCP and defining the appeals process:

> (a) A claimant, injured on or after July 4, 1966, who has received a final adverse decision by the district office may obtain a hearing by writing to the address specified in the decision. The hearing request must be sent within 30 days (as determined by postmark or other carrier's date marking) of the date of the decision for which a hearing is sought. The claimant must not have previously submitted a reconsideration request (whether or not it was granted) on the same decision.

20 C.F.R. §10.616.

In this case, Petitioner satisfied every element of properly filing an appeal. Further, the filing was timely pursuant to The Federal Rules of Civil Procedure for Computing and Extending Time and 29 CFR 1614.604. To compute a period stated in days Fed. R. Civ. P. 6 (a)(1)(A) says to "exclude the day of the event that triggered the period". Here, the day of the decision was July 14, 2015, making July 15, 2015 the first day of the period. Further, when service is made by mail, it is presumed received within five days, thereby extending the first day of the period to July 20, 2015. The Agency has no proof that Petitioner did not receive the correspondence any sooner than July 20, 2015. Thus, the last day of the period was Wednesday, August 19, 2015. Ms. Freeman filed her appeal on Tuesday, August 18, 2015; therefore, her appeal was timely.

**B. Proper Consideration of Petitioner's Request for Reconsideration is Essential to Justice**

Mrs. Freeman's petition is essential to justice. Mrs. Freeman fully with the instructions provided by the Department of Labor and the Office of Workers' Compensation Program. The denial of her claim is in violation of her due process rights.

Mrs. Freeman submitted her timely request for reconsideration on August 18, 2015. In their November 10, 2016 memorandum regarding Ms. Freeman's file OWCP Washington, D.C. Office incorrectly states, "No response has been received to the preliminary decision. The claimant has not contested the finding". OWCP rejected Ms. Freeman's timely appeal and ignored her attempt to contest the finding. To reject an appeal that fully satisfied the letter of the law and the applicable regulations is a violation of Mrs. Freeman's due process rights.

Lastly, given the totality of the facts presented, even if there had been a missed deadline, the Agency should have accepted Ms. Freeman's appeal. Pursuant to 29 CFR 1614.604(c), the time limits in this regulation are subject to waiver, estoppel and equitable tolling. The Agency has not explained, that even if missed (which Petitioner disputes), why a waiver, estoppel or equitable tolling does not apply here.

### C. Petitioner Has No Other Remedy, Either Judicial or Administrative

Thus, Mrs. Freeman has no other remedy without a Writ of Mandamus. As noted, *supra*, this is a clear violation of Mrs. Freeman's due process rights. Further, OWCP has made clear that they will not reconsider this action, finding as a matter of right, she is not entitled to an appeal. Thus, the only means for Mrs. Freeman's claim to receive the proper consideration it is due under the applicable laws and regulations is through a Writ of Mandamus.

## IV. <u>CONCLUSION</u>

Petitioner Rosalind Freeman, through Counsel, respectfully moves this court to compel the agency to:

1) Assume jurisdiction of this cause;

2) Issue a Writ of Mandamus to compel the Department of Labor, Office of Worker Compensation to immediately fulfill the following non-discretionary duties to Petitioner:

a) Accept Petitioner's timely Request for Appeal

b) Expedite a review of Petitioner's claims;

c) Grant Petitioner a Hearing on her OWCP Appeal

c) Provide attorneys fees and costs related to this Writ.

WHEREFORE, Petitioner, by and through Counsel, in consideration of the foregoing, prays the above relief be Granted.

Dated: March 11, 17

Respectfully Submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
D.C. Bar No. 415793 Attorney for the Plaintiff
Law Office of Michael D.J. Eisenberg
700 12th Street, N.W., Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
**E-mail:Michael@Eisenberg-Lawoffice.com**